## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MARCUS D. WOODSON,       )
                             )
       Petitioner,       )
                             )
v.                        )      **Case No. CIV-08-726-R**
                             )
JUSTIN JONES,          )
                             )
       Respondent.     )

## O R D E R

Before the Court are the Report and Recommendation of United States Magistrate Judge Doyle W. Argo [Doc. No. 17] and Petitioner's Objection to the Recommendation [Doc. No. 18]. Also before the Court is Petitioner's motion for an evidentiary hearing [Doc. No. 18]. The Court reviews the Report and Recommendation *de novo* in light of Petitioner's Objections.

The Magistrate carefully analyzed each of Petitioner's seven grounds for relief to determine whether the state court's adjudication of those grounds in Petitioner's direct appeal resulted in a decision that was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, as required by 28 U.S.C. § 2254(d)(1) & (2). The Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied.

In support of his objection directed to the Magistrate Judge's proposed disposition of the Petitioner's first ground for relief, Petitioner argues that his possession of the "hand bat" was not "without authority" because the testimony was that the papers of which it was composed in part were issued from the Court and Petitioner's attorney and there was no evidence of a jail rule

restricting or prohibiting an inmate from rolling up papers and binding them. Petitioner further states that the officer testified that the razor, ace bandage and socks were issued by officers. Petitioner also asserts that the evidence of his possession of the alleged dangerous instruments was insufficient because the testimony that his possession was "without authority" and that the instruments were "dangerous" by the state's witness was elicited by leading questions and "induced" or "coerced." Petitioner concludes, therefore, that he is entitled to habeas relief based upon "improper admission of evidence under state law," citing *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002). Petitioner also attempts to backdoor an assertion that his trial counsel was ineffective in failing to object to "coercion" of the state's witness by the district attorney, moving to strike such testimony and asking the Court to instruct the jury to disregard the testimony. Petitioner maintains that had his counsel objected to and moved to strike the allegedly coerced testimony, the state would have failed to meet its burden and Petitioner would have been found not guilty.

Petitioner's seventh ground for relief in his petition for a writ of habeas corpus was ineffective assistance of trial counsel. Petitioner alleged that his trial counsel was ineffective by elaborating upon Petitioner's past convictions and the amount of time he spent in prison pursuant to those convictions. Petitioner never alleged that his trial counsel was ineffective because he failed to object to the prosecutor leading the state's witness or "coercing" his testimony nor did Petitioner make that argument before the Magistrate Judge. Issues or claims raised for the first time in objections to the Magistrate Judge's Report and Recommendation are deemed waived, *see United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001); *Marshall v. Chater*, 75

2

F.3d 1421, 1426 (10th Cir. 1996); *Traylor v. Jenks*, 223 Fed. Appx. 789, 791, 2007 WL 926899 at *2 (10th Cir. Mar. 29, 2007)(No. 06-6314).   Accordingly, the Court does not consider Petitioner's belated claim that but for his trial counsel's ineffective assistance, there was insufficient evidence from which reasonable jurors could find Petitioner guilty of the offense of possession of contraband in a correctional facility.

There is no evidence in the record to suggest that the testimony of Randy Coleman was coerced.  Having reviewed the trial transcript, the Court agrees with the Magistrate Judge that when the evidence is considered in a light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979), and that the state court's adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Reasonable jurors could find from the evidence that Petitioner possessed without authority one or more dangerous instruments, in the form of two razors, and a constructed "hand bat," in a jail or prison, i.e., in the Garfield County Detention Center.  *See* Okla. Stat. tit. 57, § 21.

Petitioner's objections to the Magistrate Judge's analyses and recommendations concerning the second, third and fourth grounds for relief are all attempts to "bootstrap" his claim that his trial counsel rendered ineffective assistance on entirely different grounds to assert that his trial counsel should have and did not object to the trial court's refusal to allow him to

call "rebuttal" witnesses, to object to the admission of other crimes evidence, and apparently to object to the prosecutor's "vouching" for the credibility of the state's witness.  Again, Petitioner did not allege ineffective assistance of counsel in these respects nor did he make these arguments before the Magistrate Judge.  Accordingly, these grounds for relief/arguments are not properly before the Court and the Court does not consider them.  *See e.g., United States v. Garfinkle*, 261 F.3d at 1031 (claims or issues raised for the first time in an objection to a Magistrate Judge's report and recommendation are deemed waived).  Petitioner's remaining arguments or objections directed to his second, third, fourth, fifth and sixth grounds for relief are largely incomprehensible except to the extent he asserts that the alleged errors by the trial court or the prosecutor were "fundamental" and/or rendered his trial "fundamentally unfair."  The Court agrees with the Magistrate Judge's analyses and recommendations as to these grounds for relief. No fundamental error, or fatal infection of the trial resulting in a denial of fundamental fairness that is the essence of due process occurred.  To the extent the prosecutor's comment in closing argument was impermissible vouching for the credibility of one of the state's witnesses, the comment, because isolated and occurring right after the prosecutor reminded the jury *it* would have to weigh the testimony of all of the witnesses and consider any bias or prejudice, it did not fatally infect the trial so as to render it fundamentally unfair.

To obtain federal habeas relief based on an excessive sentence as alleged in Petitioner's sixth ground for relief, Petitioner must show that his sentence "exceeds or is outside the statutory limits, or is wholly unauthorized by law."  *See Vasquez v. Cooper*, 862 F.2d 250, 255 (10th Cir. 1988); *Munn v. Ward*, 162 F.3d 1173, 1998 WL 764651 at *2 (10th Cir. Oct. 28, 1998)(No. 98-

4

6207).  Petitioner's twenty-year sentence for possession of a dangerous instrument in a jail after former conviction of two or more felonies was the minimum statutorily-authorized sentence for that offense committed after two or more felony convictions within ten (10) years of completion of the execution of his sentence.  Okla. Stat. tit. 57, § 21(C).  Thus, Petitioner is not entitled to habeas relief on his sixth ground for relief.

Petitioner has moved for an evidentiary hearing.  Because Petitioner's grounds for relief can be resolved on the existing record, Petitioner is not entitled to an evidentiary hearing.  *See Gonzales v. Tafoya*, 515 F.3d 1097,1121 (10th Cir.), *cert. denied*, ___ U.S. ___, 129 S.Ct. 211, 172 L.Ed.2d 156 (2008), *citing Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003).  In his motion for an evidentiary hearing, Petitioner seems to be asserting a claim for actual innocence.  If in fact he is asserting such a claim, the claim is untimely because raised for the first time in connection with his Objection to the Report and Recommendation and motion for an evidentiary hearing.  In any event, a freestanding claim of actual innocence is not available in non-capital cases.  *Allen v. Beck*, 179 Fed. Appx. 548, 551 (10th Cir. May 16, 2006).

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 17] is ADOPTED in its entirety and the 28 U.S.C. § 2254 petition for a writ of habeas corpus of Marcus D. Woodson is DENIED.  Petitioner's motion for an evidentiary hearing [Doc. No. 19] is also DENIED.

IT IS SO ORDERED this 23rd day of April, 2009.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

5